

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-88,657-02

### EX PARTE DAVID DEWAYNE KEELIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 3610-A IN THE 100TH DISTRICT COURT
### FROM HALL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with possessing, with intent to deliver, a first-degree felony amount of methamphetamine. He pled guilty for deferred-adjudication probation, which probation was later revoked, and a 50-year sentence was assessed. In several grounds, Applicant complains that revocation and appellate counsel failed to show that his probation should not have been revoked.

To revoke, the State had alleged that Applicant admitted to cocaine use and failed to timely notify his probation officer that he was terminated from employment. According to the direct appeal

opinion, Applicant's probation officer testified that Applicant admitted to cocaine use, and the State introduced a form signed by Applicant in which Applicant admitted to cocaine use. The evidence as to employment is not clear, but the trial court found that Applicant had violated both conditions. The trial court revoked the deferred-adjudication probation and adjudicated Applicant guilty.

Applicant says that his probation officer tricked him into admitting to using cocaine and into signing the form. He says that his probation officer told him he would receive drug treatment if he admitted to drug use, but no treatment was offered, making his admission involuntary. Applicant also provides an affidavit from an employer who states that Applicant was employed on the date the State alleged Applicant failed to notify probation that he became unemployed.

Applicant has alleged facts that, if true, might entitle him to relief. There is no response from revocation and appellate counsel in the habeas record. A response from revocation and appellate counsel is needed to resolve the claims. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall obtain a response from revocation and appellate counsel and may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d) to do so. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact resolving whether: revocation counsel was deficient in presenting evidence to show that Applicant's admission was involuntary and that Applicant was employed at the time in question; and whether appellate counsel was deficient in challenging the probation revocation. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 8, 2019
Do not publish